# United States Court of Appeals
# for the Fifth Circuit

No. 22-60152

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2023

Lyle W. Cayce
Clerk

Terrell Johnson,

*Petitioner*,

*versus*

Administrative Review Board, United States
Department of Labor,

*Respondent*.

Petition for Review of a Final Decision of
the United States Department of Labor
Administrative Review Board
ARB No. 2021-0041

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.
Per Curiam:*

Terrell Johnson challenges Union Pacific Railroad Company's refusal to let him return to work. After exhausting his administrative remedies, Johnson failed to win relief before the Department of Labor. We deny his petition for review.

---

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

I.

On April 14, 2015, Johnson was working as a railroad trackman for Union Pacific Railroad Company ("Union Pacific"). While performing a job-related task, he injured his neck, cervical spine, low back, lumbar spine, right shoulder, and right elbow. He immediately reported his injuries in compliance with company policy.

He then sought recovery under the Federal Employers' Liability Act ("FELA") for his injuries against Union Pacific. During his jury trial in federal district court in December 2016, he alleged that his injuries were permanent and prevented him from returning to work. His treating physician, Dr. Donald Dietze, testified that he didn't expect Johnson could ever perform his usual work duties again. The jury returned a verdict in Johnson's favor and awarded him $1,227,739 in damages—$832,739 of which was specifically for future lost earnings and fringe benefits. Union Pacific satisfied a reduced judgment of $993,121.60. Johnson continued treatment for his injuries.

But then in October 2017, Johnson sought to return to work. In December 2017—only one year after his trial—he underwent a standard Union Pacific medical exam. The examiner checked a box on a form, which stated that Johnson could return to work with no restrictions. In January 2018, Dr. Dietze also cleared him to return.

But when he submitted a request to return in February 2018, Union Pacific denied his request. Specifically, a Union Pacific representative said he was "estopped from returning to service" based on the evidence he presented at the FELA trial. He was never formally terminated.

In May 2018, he filed a complaint under the Federal Railroad Safety Act of 1982 ("FRSA"), 49 U.S.C. § 20109, with the Department of Labor

No. 22-60152

Occupational Safety and Health Administration. The Secretary of Labor ruled in favor of Union Pacific on its theory of judicial estoppel.

Johnson sought a *de novo* hearing before an Administrative Law Judge ("ALJ"). He argued that his request to return to work was a protected activity under 49 U.S.C. § 20109(c)(2) and Union Pacific's refusal of his request amounted to an unlawful termination. The ALJ dismissed his complaint. It found that Johnson was effectively terminated and thereby faced discipline, but it rejected his contention that his request was a protected activity.[1] Johnson appealed to the Department of Labor Administrative Review Board ("ARB"), which fully agreed with the ALJ.

Johnson timely filed a petition for review. We have jurisdiction under 49 U.S.C. § 20109(d)(4). We review the ARB's conclusions of law de novo and its factual findings under the substantial evidence standard. *Yowell v. ARB*, 993 F.3d 418, 421 (5th Cir. 2021). "Under the substantial evidence standard, the ARB's decision must be upheld if, considering all the evidence, a reasonable person could have reached the same conclusion as the ARB." *Id.* (quotation omitted).

## II.

We begin with the statute. FRSA provides safeguards for railroad employees who engage in certain protected activities. 49 U.S.C. § 20109. Of relevance here, it prohibits railroad carriers from disciplining employees for seeking medical attention or following medical treatment plans. *Id.* § 20109(c)(2). Specifically:

---

[1] The ALJ also found that his report of a work-related injury was protected under § 20109(a) but concluded that it was not a contributing factor to the refusal. Johnson does not challenge this finding on appeal. (He solely argues that his request to return to work was a protected activity.) Accordingly, he forfeits the point.

> A railroad carrier or person covered under this section may not discipline, or threaten discipline to, an employee for requesting medical or first aid treatment, or for following orders or a treatment plan of a treating physician, except that a railroad carrier's refusal to permit an employee to return to work following medical treatment shall not be considered a violation of this section if the refusal is pursuant to Federal Railroad Administration medical standards for fitness of duty or, if there are no pertinent Federal Railroad Administration standards, a carrier's medical standards for fitness for duty. For purposes of this paragraph, the term "discipline" means to bring charges against a person in a disciplinary proceeding, suspend, terminate, place on probation, or make note of reprimand on an employee's record.

*Id.*

To obtain relief for unlawful discipline under 49 U.S.C. § 20109(c)(2), an employee must satisfy the burden-shifting framework in 49 U.S.C. § 42121(b). *See id.* § 20109(d)(2)(A)(i). An employee must first show that a specified protected behavior "was a contributing factor in the unfavorable personnel action alleged in the complaint." *Id.* § 42121(b)(2)(B)(i). We have interpreted this burden to mean that an employee must prove by a preponderance of the evidence: (1) the employee participated in a protected activity; (2) the employer knew the employee participated in a protected activity; (3) the employee faced an unfavorable personnel action; and (4) the protected activity was a "contributing factor" in that unfavorable personnel action. *Yowell*, 993 F.3d at 421. Then the burden shifts to the employer to show by clear and convincing evidence "that the employer would have taken the same unfavorable personnel action in the absence of [the employee's protected] behavior." 49 U.S.C. § 42121(b)(2)(B)(ii), (iv).

No. 22-60152

The parties also do not dispute (3) that the employee faced an unfavorable personnel decision or "discipline" under the statute. Nor do they contest (2) that Union Pacific had notice of Johnson's request. A Union Pacific representative told Johnson in response to his request to return to work, he was "estopped from returning to service." Even though Johnson was never formally terminated, Union Pacific refused to let him return, effectively ending his employment.

The parties' disagreement turns on (1) whether a request to return to work is a protected activity under the statute, and (4) if so, whether this request to return to work was a "contributing factor" in the termination decision. Our inquiry begins and ends with (4).

Even if a request to work is protected activity, Johnson cannot show that it contributed in any way to his termination. A contributing factor is "*any* factor, which alone or in combination with other factors, tends to affect in any way the outcome of the decision." *Halliburton, Inc. v. ARB*, 771 F.3d 254, 263 (5th Cir. 2014) (quotation omitted). "Even such a broad interpretation, though, has its limits." *Yowell*, 993 F.3d at 424. And this case illustrates them perfectly. Johnson's request to return to work played *no* part in Union Pacific's refusal to allow him to return to work. Union Pacific's decision was based on the fact that it already paid Johnson almost a million dollars for a purportedly permanent disability. As the ARB noted: "*The parties stipulated* that Johnson was not allowed to return to work because he was estopped from doing so based on his representation of permanent disability at the FELA trial." *Johnson v. Union Pac. R.R. Co.*, ARB No. 2021-0041, ALJ No. 2019-FRS-00005, slip op. at 5 (ARB Jan. 25, 2022) (emphasis added). Johnson has produced no evidence to suggest any other factor, like animus or anything else, played any role in Union Pacific's decision. So we cannot say the ARB's decision is not supported by substantial evidence.

DENIED.